UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/23/21

Ira Kirschenbaum,

                Plaintiff,

     –v–

Union Central Life Insurance Company, *et al.*,

                Defendants.

20-cv-9656 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Ira Kirschenbaum moves to remand this disability-insurance case back to the state court where he filed it. He contends that this Court lacks diversity jurisdiction because he did not seek more than the required amount in controversy in his initial complaint, even though he concededly sought more in the amended complaint he filed before removal. The Court finds that it has diversity jurisdiction over the action and that Kirschenbaum has waived any non-jurisdictional objections to removal. It thus denies the motion to remand.

**I.    Background**

    Kirschenbaum sued Union Central Life Insurance Company in New York state court on May 27, 2020, alleging that Union had failed to pay him disability benefits due under an insurance policy. Complaint, Dkt. No. 1, Ex. A. He sought a declaratory judgment that he was totally disabled within the meaning of the policy and to recover allegedly past-due payments of $12,500 per month from December 14, 2019, through the present. *Id.*

    After Union moved to dismiss, Kirschenbaum filed an amended complaint on October 19, 2020, adding as a defendant Union's successor in interest Ameritas Life Insurance Corp.

First Amended Complaint, Dkt. No. 1, Ex. D.  He again sought to a declaratory judgment and past-due payments of $12,500 per month from December 14, 2019, through the present.  *Id.*

The insurers removed the action to this Court based on diversity jurisdiction on November 17, 2020.  Notice of Removal, Dkt. No. 1.  They certified in their notice of removal that Kirschenbaum is a citizen of New York, that Union was a citizen of Ohio prior to its merger with Ameritas, and that Ameritas is a citizen of Nebraska.  *Id.* ¶¶ 11–13.  Kirschenbaum does not contest the citizenship of the parties.

The insurers also certified in their notice of removal that the amount in controversy is $125,000 based on Kirschenbaum's demand in his amended complaint for $12,500 for the ten months from December 14, 2019, through October 19, 2020.  Kirschenbaum does not dispute that past-due benefits as of the date of his amended complaint totaled about that amount.  Kirschenbaum Br., Dkt. No. 19-1, at 3 n.1.

Kirschenbaum moved to remand on February 10, 2021.  Dkt. No. 19.

**II.     Discussion**

Section 1441(a) of title 28 allows the removal of a civil action to federal district court if the district court has original jurisdiction over that action.  Defendants ordinarily have thirty days in which to file a notice of removal.  28 U.S.C. § 1446(b)(1).  However, if a case is not removable based on the initial pleading, a defendant may file a notice of removal within thirty days of the amended pleading or other paper from which it may first be ascertained that the case is removable, so long as no more than one year has passed from the commencement of the action.  § 1446(b)(3), (c)(1).  A plaintiff must file any motion to remand on a basis other than lack of subject matter jurisdiction within thirty days of the notice of removal.  § 1447(c).  A court must remand the case at any time if it lacks subject matter jurisdiction.  *Id.*

Kirschenbaum advances two arguments in favor of remand.  First, he contends that the Court lacks diversity jurisdiction because the amount in controversy did not exceed $75,000 at the time he filed his initial complaint in state court.  Second, he contends for the first time in his reply that the insurers' notice of removal was untimely.  The Court concludes that the first argument lacks merit and that the second does not go to the Court's jurisdiction and was waived.

### A.  The Court has diversity jurisdiction over this action

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C § 1332(a).  Courts generally assess subject matter jurisdiction for removed cases as of the date of removal.  *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009); *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).  "[T]he existence or nonexistence of the amount in controversy required for subject matter jurisdiction purposes is determined on the basis of the facts and circumstances as of the time that an action is commenced in a federal court or arrives there from a state court by way of removal."  14A Wright & Miller, Federal Practice & Procedure (4th ed.) § 3702.4.

Kirschenbaum does not dispute that there is complete diversity of the parties.  Nor does he contend that the damages sought in his operative complaint at the time of removal ("not less than the sum of $12,500 per month for each month from December 14, 2019 through to the present") exceeded $75,000.  First Amended Complaint ¶ 18; *see* Kirschenbaum Br. at 3 n.1.  Instead, he contends that the amount-in-controversy requirement for diversity jurisdiction is not satisfied because the Court must look to the amount sought in his first complaint rather than his amended complaint.  The text of the removal statutes and a wealth of precedent rebut this claim.

3

The removal statutes expressly contemplate that amended pleadings or other developments in state court may make a case removable that was not removable as "stated by the initial pleading." § 1446(b)(3); *see also* § 1146(c)(3)(A) (discussing cases where the amount in controversy is not satisfied by the initial pleading). "In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of a nondiverse party—may remove the case to federal court within 30 days of receiving such information. § 1446(b)." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996). Thus, the Supreme Court has held that subsequent amendments to a complaint giving rise to diversity jurisdiction support removal. Amended pleadings that bear on the amount in controversy are no exception to this rule. *See Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 146 (2d Cir. 2014) (citing *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136) (9th Cir. 2013)).

Kirschenbaum cites several cases that he contends stand for the proposition that courts must determine the amount in controversy as of the commencement of the action, but these citations do not support his position. *See* Kirschenbaum Br. at 4; *see, e.g.*, *Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co. of Chicago*, 93 F.3d 1064 (2d Cir. 1996); *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781 (2d Cir. 1994). For one, these cases dealt with actions initially filed in federal court, not ones removed from state court. It is well established that courts assess the amount in controversy "as of the time that an action is commenced in a federal court or arrives there from a state court by way of removal." Wright & Miller § 3702.4. But *Chase* cuts even more strongly against him. The Second Circuit in *Chase* assessed the amount in controversy as of the date of the amended complaint; that is, it treated the date of the amended complaint as when the action was commenced. *See Chase*, 93 F.3d at 1070–71. This

4

makes perfect sense. A plaintiff cannot evade removal by first seeking more limited relief and then amending to add federal claims or those satisfying the amount-in-controversy requirement for diversity jurisdiction.

In short, Kirschenbaum sought more than $75,000 in his amended complaint against diverse parties, and so his claims satisfied the statutory requirements for diversity jurisdiction. As the Supreme Court and Second Circuit have recognized, § 1446(b)(3) allows removal in these circumstances.

### B. Kirschenbaum's procedural arguments are non-jurisdictional and were waived

For the first time in his reply brief, Kirschenbaum contends that the insurers' notice of removal was late because the amount of accrued past-due benefits exceeded the $75,000 as of August 3, 2020, and so § 1446(b)(3) required any notice of removal to be filed within thirty days of that date. The Court concludes that Kirschenbaum has waived this argument.

Under § 1447(c), a plaintiff who does not file a motion to remand within thirty days of removal waives all arguments that removal was improper other than those based on defects in the court's subject matter jurisdiction. The insurers removed this action on November 17, 2020, and Kirschenbaum did not move to remand until February 10, 2021. Thus, he has waived all non-jurisdictional objections to removal. Even absent § 1447(c), the Court would deem waived Kirschenbaum's argument about the timeliness of removal (assuming it does not bear on the Court's subject matter jurisdiction) because this argument was made for the first time in his reply brief. *See Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 n. 5 (2d Cir. 2006); *Mateo v. Bristow*, No. 12-cv-5052 (RJS), 2013 WL 3863865, at *8 (S.D.N.Y. July 16, 2013).

As both the Second Circuit and other circuits have recognized, the statutory time limit for filing a notice of removal is "merely a formal and modal requirement and is not jurisdictional."

5

*Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)); *see Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702 (1972). The insurers' failure to timely file their notice of removal, like other "mistakes concerning the timing, form and content of removal," thus does not go to the Court's subject matter jurisdiction and may be waived. *Pierpoint v. Barnes*, 94 F.3d 813, 818 (2d Cir. 1996). Thus, because Kirschenbaum filed his motion to remand outside the time provided by § 1447(c) and raised this argument for the first time in reply, the Court deems this argument waived.

## Conclusion

For the foregoing reasons, Kirschenbaum's motion to remand (Dkt. No. 19) is DENIED. The revised scheduling order entered June 9, 2021, remains in effect.

SO ORDERED.

Dated: August 23, 2021
New York, New York

ALISON J. NATHAN
United States District Judge